IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. **18-cr-00431-RBJ**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

1.    ROGELIO CARBAJAL-SANTOS,

        Defendant.

## MOTION TO DISMISS VOID FOR VAGUENESS

COMES NOW, the defendant, Rogelio Carbajal-Santos, by and through his attorney, R. Scott Reisch, and hereby moves this Honorable Court to enter an Order dismissing Count One as Void for Vagueness under the Fifth and Fourteenth Amendments to the United States Constitution.

AS GROUNDS for this Motion, Mr. Rogelio Carbajal-Santos states as follows:

1.    Mr. Carbajal-Santos is charged in Count One with Alien Unlawfully Possessing Firearm and Ammunition pursuant to 18 U.S.C. § 922(g)(5)(A).

2.    18 U.S.C. § 922(g)(5)(A) provides in its relevant part, "it shall be unlawful for any person – who, being an alien- is illegally or unlawfully in the United States . . . to possess . . . any firearm or ammunition." The penalty for violating § 922(g) in found in 18 U.S.C. § 924, which provides "Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined, . . . imprisoned, . . . or both. 18 U.S.C. § 924(a)(2).

3.    The issue of whether "knowingly" modifies just possession or "who, being an alien- is illegally or unlawfully in the United States," is currently on *Writ of Certiorari* to

the United States Supreme Court from the Eleventh Circuit. *See U.S. v. Rehaif*, 888 F.3d 1138 (11th Cir. 2018) *cert granted January 11, 2019.*

4. Indeed, now Supreme Court Justice Gorsuch in *U.S. v. Games-Perez*, 667 F.3d 1136, 1144 (10th Cir. 2012) has endorsed the application of "knowingly" in 18 U.S.C. § 922 as to whether an individual is a convicted felon. *Id* ("[o]rdinarily, after all, when a criminal statute introduces the elements of a crime with the word knowingly, we apply that word to each element.").

5. The "knowingly" *mens rea* requirement is what separates and criminalizes "otherwise innocent conduct." *Id*. at 1145. "After all, there is a long tradition of widespread lawful gun ownership by private individuals in this country, and the Supreme Court has held the Second Amendment protects an individual's right to own firearms and may not be infringed lightly." *Id*. This issue has caused a circuit split and has led to the potential criminalization of constitutionally protected conduct.

6. The United States Supreme Court recently took up void for vagueness with respect to the "residual clause" of the definition of a crime of violence, for deportation purposes. It held it void for vagueness under the Due Process clause of the Fifth Amendment to the United States Constitution. *Sessions v. Dimaya*, 138 S.Ct. 1204, (2018). In his concurrence, recently appointed Supreme Court Justice, and former Tenth Circuit Justice, Neil Gorsuch warned, "no one should be surprised that the Constitution looks unkindly on any law so vague that reasonable people cannot understand its terms and judges do not know where to begin in applying it." *Id*. at 1234. This law suffers from the same defect engendered by mixing criminal law and immigration law concepts.

7. The prohibition of vagueness in criminal statutes is an essential of due process, required by both "ordinary notions of fair play and the settled rules of law." *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015). The void-for-vagueness doctrine guarantees that ordinary people have "fair notice" of the conduct a statute proscribes. *Papachristou v. Jacksonville*, 405 U.S. 156, 162 (1972). The doctrine guards against arbitrary and discriminatory law enforcement by insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges. *See Kolender v. Lawson*, 461 U.S. 352, 357-358 (1983). The doctrine is a corollary of the separation of powers requiring the legislature, rather than the executive or judicial branch, define what conduct is sanctionable and what is not. *Id*. "If the legislature could set a net large enough to catch all possible offenders and leave it to the courts to step inside and say who could be rightfully detained, [it would] substitute the judicial for the legislative department." *Id*. at 358, n. 7.

8. Where men of common intelligence must necessarily guess at the law's meaning and differ as to its application, the law must fail. *Lds, Inc. v. Healy*, 197 Colo. 19 (Colo. 1979) *citing Connally v. General Construction Co*., 269 U.S. 385 (1926). Second, a statute is vague where it contains no explicit standards for application so that a danger of arbitrary and capricious enforcement exists. *Id*. With respect to the issue at bar, even the courts cannot agree.

9. An as-applied vagueness challenge considers factors and law relevant to facial invalidity and considers the statute in light of the charged conduct. *See United States v. Franklin-El*, 554 F.3d 903, 910 (10th Cir. 2009). A statute is vague as applied if it does not, with sufficient clarity, prohibit the conduct against which it is to be enforced. *People v. Summitt*, 104 P.3d 232, 239 (Colo. App. 2004).

10. In this case, Mr. Rogelio Carbajal-Santos, at the time of the alleged offense, had retained an immigration attorney and was in the process of adjusting his immigration status. He was not and is not sophisticated in the areas of criminal and immigration law and retained an attorney for these purposes. The law, as written, provided Mr. Rogelio Carbajal-Santos no guidance on the issue of gun ownership. Instead, it tied this issue to Mr. Carbajal-Santos' immigration status which was not well defined in Mr. Carbajal-Santos' mind at the time of the offense.

WHEREFORE, Mr. Carbajal-Santos moves that Count One of the Indictment charging Alien Unlawfully Possessing Firearm and Ammunition pursuant to 18 U.S.C. § 922(g)(5)(A) be dismissed as Void for Vagueness pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

Dated this 20th day of February 2019.

Respectfully submitted,

s/ R. Scott Reisch
**R. Scott Reisch, #26892**
The Reisch Law Firm, LLC
1490 West 121st Ave., Suite 202
Denver, CO 80234
Telephone: (303) 291-0555
FAX: (720) 904-5797
E-mail: scott@reischlawfirm.com
cassandra@reischlawfirm.com
Attorney for Defendant Rogelio Carbajal-Santos

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2019, I electronically filed the foregoing **MOTION TO DISMISS VOID FOR VAGUENESS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Guy Till
- guy.till@usdoj.gov

s/ R. Scott Reisch
**R. Scott Reisch, #26892**
Attorney for Defendant Rogelio Carbajal-Santos
The Reisch Law Firm, LLC
1490 West 121st Avenue, Suite 202
Denver, CO 80234
Telephone: (303) 291-0555
FAX: (720) 904-5797
E-mail: scott@reischlawfirm.com
cassandra@reischlawfirm.com